NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-378

COMMONWEALTH

vs.

DENNIS SIGMAN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a bench trial, a District Court judge found the defendant, Dennis Sigman, guilty of carrying a firearm without a license, in violation of G. L. c. 269, § 10 (a); carrying a loaded firearm without a license, in violation of G. L. c. 269, § 10 (n); and discharging a firearm within 500 feet of a building, in violation of G. L. c. 269, § 12E.[1] The defendant appeals, arguing that surveillance video footage was improperly admitted at trial.

---

[1] The defendant was also charged with one count of possession of a class B substance. The judge allowed the defendant's motion for a required finding of not guilty as to that count.

The defendant's trial occurred in the interim between the United States Supreme Court's decision in New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022), and the Supreme Judicial Court's decision in Commonwealth v. Guardado, 491 Mass. 666 (Guardado I), S.C., 493 Mass. 1 (2023), cert. denied, 144 S Ct. 2683 (2024). The Commonwealth concedes that in light of Guardado I, because it failed to prove the absence of licensure, the defendant's convictions of carrying a firearm without a license and carrying a loaded firearm without a license must be vacated. Because "a new trial is the proper remedy for defendants who were convicted under G. L. c. 269, § 10 (a), after the Supreme Court decided Bruen but before [the Supreme Judicial Court] decided Guardado I," Commonwealth v. Crowder, 495 Mass. 552, 559 (2025), we vacate the judgments on those charges, set aside the verdicts, and remand to the District Court to allow for retrial.[2] Rejecting the defendant's evidentiary claim, we affirm the judgment on the charge of discharging a firearm.

Discussion. The defendant contends that the judge erred in admitting the surveillance video footage of the incident because

---

[2] Although Crowder dealt with a conviction of carrying a firearm without a license, the same reasoning applies to a conviction of carrying a loaded firearm without a license, which likewise requires the Commonwealth to prove the lack of licensure.

the Commonwealth did not properly authenticate it.  We agree with the Commonwealth that the judge properly exercised his discretion in admitting the video footage based on its content, evidence of how the officers retrieved it, and the defendant's admissions.  See Commonwealth v. Leneski, 66 Mass. App. Ct. 291, 294 (2006) (admissibility of video evidence "is largely committed to the discretion of the trial judge" [citation omitted]).

First, the video footage matched the description of the incident that the defendant provided to the police.  "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Commonwealth v. Davis, 487 Mass. 448, 465 (2021), citing Mass. G. Evid. § 901(a).  "[E]vidence may be authenticated by circumstantial evidence alone, including its [a]ppearance, contents, substance, internal patterns, or other distinctive characteristics" (quotation and citation and omitted).  Davis, supra at 466.

Here, the detailed description of the incident that the defendant provided during his interview with police mirrored the video's contents.  The defendant told officers that he was sitting in his car in front of Anivellis Santos's apartment on Brook Street in Lowell when she came outside and spoke to him.

3

The defendant said that a male then came out of the apartment. The defendant provided a detailed description of the incident, including the fact that he dropped the firearm before picking it up and firing a shot into the air. Finally, the defendant stated that when he fled the scene, he spun the tires of his car because the road was wet. Because each of these events was captured on the video footage, the defendant's statements confirmed the video's authenticity. Indeed, the defendant acknowledged that surveillance video footage would have captured the incident, because he was the person who installed the security camera at Santos's apartment. See Davis, 487 Mass. at 466 (video footage authenticated through circumstantial evidence where photographs taken of scene after shooting showed vehicle and sign that matched those depicted in surveillance video footage).

Second, Officer Brian Sheehan testified that after he and Detective Socrates Deno asked Santos to view the surveillance video footage, she allowed them into her apartment where they viewed the video footage. Detective Deno corroborated this testimony. See Commonwealth v. Gonzalez, 99 Mass. App. Ct. 161, 170-171 (2021) (surveillance video footage properly authenticated by officer's testimony regarding how officer retrieved copy of video files).

4

Finally, Detective Deno testified that, after he watched the video footage of the incident, Santos gave him a copy of it on a flash drive. Both Officer Sheehan and Detective Deno testified that the video the Commonwealth offered in evidence contained a fair and accurate representation of the video footage they viewed in Santos's apartment on the date of the incident. See Leneski, 66 Mass. App. Ct. 292-293, 295 (witness testified that video footage admitted in evidence was fair and accurate representation of video footage previously seen).

For all these reasons, the surveillance video footage was properly authenticated, and we discern no error in the judge's ruling admitting it in evidence.

Conclusion. The judgment on the charge of discharging a firearm within 500 feet of a building is affirmed. On the charges of carrying a firearm without a license and carrying a loaded firearm without a license, the judgments are vacated, the

verdicts are set aside, and the matter is remanded to the District Court to allow for retrial.

So ordered.

By the Court (Massing, Neyman & Wood, JJ.[3]),

*Paul Little*

Clerk

Entered:  July 11, 2025.

---

[3] The panelists are listed in order of seniority.